UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

CIVIL ACTION NO. 09-CV-275-JMH

VIVIAN JANET BOWMAN,                                          PLAINTIFF,

VS:                      **MEMORANDUM OPINION AND ORDER**

FAYETTE COUNTY PUBLIC SCHOOLS, ET AL.,                        DEFENDANTS.

\*\*\*\*   \*\*\*\*   \*\*\*\*

Vivian Janet Bowman, an individual who gives a Frankfort, Kentucky, address, has submitted *pro se* documents evidencing an intent to file suit, and the Court now construes them together as a Complaint pursuant to 42 U.S.C. § 1983 and a Motion to proceed in this civil action *in forma pauperis* under 28 U.S.C. § 1915(a). [Record Nos. 1, 4]

Plaintiff's Motion will be granted below.  Plaintiff has attested to being 63 years of age, is unemployed, and is anticipating an assignment to housing from local welfare authorities soon.  However, she is currently living in her car. Bowman states that she recently started receiving $697 monthly from Social Security and that will be the amount of income she will receive hereafter.  This information supports Bowman's Motion to proceed as a pauper.

However, Plaintiff's Complaint will be dismissed. Regardless of the fee issue, a Plaintiff's Complaint must initially come before the Court for initial screening, a screening which the

instant Complaint does not survive. *See* 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). As Plaintiff is appearing *pro se*, her Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Plaintiff's allegations are taken as true and liberally construed in her favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss a case at any time if it determines the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2); 1915A(b).

### NAMED DEFENDANTS

The Plaintiff has named the following as the Defendants: (1) the Fayette County, Kentucky, Public School Board; (2) Principal Rhonda Fister; (3) Brenda D. Allen; (4) Kirk Tinsley; (5) Melissa Bacon; (6) Becky Sagan; (7) Stu Silberman; (8) John D. Price; (9) Amanda Ferguson; and (10) Cheryl Neal.

### CLAIMS

Plaintiff alleges that the Defendants have wrongly barred her from a job in the Fayette County School system; lied about her; and "[a]ll defendants are guilty of Sexual Harassment towards the Plaintiff." She seeks reinstatement to her previous job as a substitute teacher.

### ALLEGATIONS

With her initial document, Plaintiff filed three exhibits regarding her employment with the Defendant public school system. One is a letter dated April 21, 2004, from Albert Kennedy, Associate Director of Certified Personnel in the Fayette County Public Schools.  Kennedy confirms that at that time, Bowman had been employed as a substitute teacher in that school since March 5, 2003.  Further, "Ms. Bowman has been a committed and valuable substitute with our school system.  She is leaving in good standing and would be rehired if she desired to return."

The next exhibit is an "Exclusion Form for Substitute Teachers and Paraeducators," dated December 20, 2006.  On it, Defendant Rhonda Fister, the principal at the Cassidy Elementary School in Fayette County, has requested to exclude Plaintiff from substituting at that school.  As grounds, she has written that on December 13th and 14th, Bowman was a substitute teacher at Cassidy, and "Parents shared concern over her request for photo with the children and only the boys were in picture with her. – Other concerns voiced by parents after she was in classroom."

Third, the Plaintiff submits color pictures of herself in a Cassidy classroom with both boys and girls together.  In addition to the students, one picture includes mothers in the room, and one of these is clearly holding a camera.  Plaintiff claims the Defendants' lies have cost her that job as a substitute teacher.

The most recent incident alleged by the Plaintiff occurred in

August of 2009, when Bowman presented herself at a school board meeting to protest her treatment. She gives her version of what transpired with the board members and Superintendent Silberman. When the personnel turned off the microphone while she was speaking, "I could not finish my speech. Because of the Fayette County Board of Education wanting to hide their shameful secrets of sexual harassments & threats, I had no choice except to walk out of that large room."

"Because I do no sex I am black balled from teaching school by the Fayette County Board of Education. This is against the law." Just above her signature on the last page of her most recent allegations, the Plaintiff has written as follows:

> To be black balled from employment because of liar words by Rhonda Fister is a crime – its un lawful. I request to have this case in Federal Court. I am the minority – I am asking for protection from defendants oppression of the majority.

Record No. 4.

## DISCUSSION

Plaintiff shows that in 2004, she was a valuable employee of the Fayette County Public Schools, but leaving its employ. By 2006 an incident occurred which caused her to be rejected as a substitute teacher at a specific Fayette County elementary school. She did not file this lawsuit, however, until 2009. To the extent that she pleads violations of federal law, the state statute of limitations for personal injuries governs claims under the federal

-4-

constitution and 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261 (1985). As the events herein have arisen in Kentucky, the statute of limitations which this court must apply for civil rights actions is one year. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)) (§ 1983 actions in Kentucky are limited by the one-year statute of limitations found in § 413.140(1)(a)). Therefore, any causes of action accruing in 2004 or in 2006 are time barred.

Further, to the extent that the Plaintiff claims discrimination in her employment with the Fayette County schools at any time, she has not submitted any allegation or exhibit to demonstrate that she first exhausted administrative remedies by reporting to and obtaining a right to sue letter from the Equal Employment Opportunity Commission ["EEOC"].

Title VII requires plaintiffs to file a timely charge of employment discrimination with the EEOC and obtain a right-to-sue letter before filing suit. See 42 U.S.C. § 2000e-5(f)(1); *Granderson v. University of Michigan*, 211 Fed.Appx. 398, 400 (6th Cir.2006). The requirements are not jurisdictional prerequisites to suit, but they are conditions precedent. *See Rivers v. Barberton Bd. Of Educ.*, 143 F.3d 1029, 1031-32 (6th Cir.1998); *Parry v. Mohawk Motors of Michigan*, 236 F.3d 299, 309 (6th Cir.2000).

In the instant case, evidence of a right to sue letter is

absent and there is no indication that the Plaintiff attempted to obtain a right to sue letter either in 2004 or 2006 or before she filed this lawsuit in 2009. Additionally, the Plaintiff makes no argument justifying waiver, estoppel, and equitable tolling of the requirement to obtain a right to sue letter. *See Rivers*, 143 F.3d at 1031. Therefore, the Court finds that the Plaintiff's Title VII claims are barred for failure to exhaust administrative remedies. Accordingly, this matter will be dismissed without prejudice to Plaintiff's bringing a cause of action after proper exhaustion. *Landers v. CHLN, Inc*., 2009 WL 803777 (E.D.Ky. 2009).

To the extent the Plaintiff seeks relief under the Kentucky Civil Rights Act for Hostile Work Environment, Retaliation, and Race Discrimination, she has failed to state a *prima facie* claim of sexual harassment based on hostile work environment. The requisites are a showing, by a preponderance of the evidence "... (1) that she was a member of a protected class; (2) that she was subjected to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment unreasonably interfered with her work performance by creating a hostile, offensive or intimidating work environment; and (5) that there is a basis for employer liability." *Thornton v. Federal Express Corp.*, 530 F.3d 451, 455 (6th Cir.2008) (citing *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir.1999)).

The instant Plaintiff fails to meet even the first of these

requirements. She does not show that she is a member of a protected class. Nor does the Plaintiff set forth facts to support her claims that she was subjected to sexual harassment by the named Defendants. Finally, even were there a suggestion of facts which could be construed as asserting harassment, she has not even alleged that it "... unreasonably interfered with her work performance by creating a hostile, offensive, or intimidating work environment." *Landers*, 2009 WL 803777 at 4 (citing *Thornton*, 530 F.3d at 455).

## CONCLUSION

Accordingly, the Court concluding that Plaintiff has failed to timely state a claim upon which this Court may grant relief, and being otherwise advised, **IT IS ORDERED** as follows:

(1) Plaintiff Vivian Janet Bowman's Motion to Proceed *in forma pauperis* [Record No. 3], is **GRANTED**.

(2) This cause of action will be **DISMISSED**, without prejudice.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendants.

This the 30th day of September, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge